**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE RAFAEL ROSARIO-CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY, et al.<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-01765-JD |

## ORDER

Jose Rafael Rosario-Castillo ("Petitioner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 1] challenging his pre-adjudicative immigration detention. At the time, Petitioner alleged he was not subject to a final order of removal. [Doc. No. 1 at 1] ("[Petitioner] has no final order of removal."). Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 6], and Petitioner filed a Reply [Doc. No. 7].

The Court takes judicial notice that the circumstances surrounding this matter have changed since the Petition was filed. Specifically, on August 6, 2026, an immigration judge entered an order of removal, and no appeal was filed within the 30-day deadline. *See* EOIR Automated Case Info. Sys., https://acis.eoir.justice.gov/en/ (last accessed Oct. 29, 2026); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . ."). Thus, the removal order is final. *See* 8 C.F.R. § 1241.1(c).

Because the Petition relies on a pre-adjudicative posture, the Court dismisses the Petition without prejudice for failure to state a claim. *See* [Doc. No. 1 at 1–2] (single threadbare ground for relief with supporting facts plausibly pertaining only to pre-adjudicative detention). Consequently, the Court DISMISSES the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 without prejudice to refiling. [Doc. No. 1]. A separate judgment will follow.

IT IS SO ORDERED this 30th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE